## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
*(Baltimore Division)*

| | | |
|---|---|---|
| IN RE: | * | |
| ROBERT T. ROSS & THERESA S. ROSS, | * * | CASE NO. 12-33045-TJC (CHAPTER 7) |
| DEBTORS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARC H. BAER, TRUSTEE, | * | |
| PLAINTIFF, | * | |
| V. | * | ADV. PROC. NO. _____ |
| ROBERT T. ROSS 119 Banbridge Avenue Centerville, MD 21617; & | * * | |
| THERESA S. ROSS 119 Banbridge Avenue Centerville, MD 21617; & | * * | |
| THE REULING FAMILY TRUST, C/O JANE CLICKNER, EXECUTOR, 5437 Glen Arm Road Glen Arm, MD 21057; & | * * * | |
| THERESA TODD EXEMPTION TRUST C/O JANE CLICKNER, EXECUTOR, 5437 Glen Arm Road Glen Arm, MD 21057; & | * * | |
| JANE CLICKNER, EXECUTOR, 5437 Glen Arm Road Glen Arm, MD 21057; | * * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

1

**COMPLAINT**

Marc H. Baer, Chapter 7 Trustee, by his undersigned counsel, files this Complaint (the "Complaint") against Defendants, Robert Todd Ross, Theresa Sheehan Ross, The Reuling Family Trust, Theresa Todd Exemption Trust, and Jane Clickner, in her capacity as executor of the Trusts, and requests a declaratory judgment that the interests of the Debtors in the The Reuling Family Trust and Theresa Todd Exemption Trust are property of the estate, and an order for turnover of all of the Debtors' right, title, and interest in and to the Trusts. In support hereof, the Trustee states and alleges as follows:

**Jurisdiction & Venue**

1. This Court has jurisdiction over this matter under 28 U.S.C. §157(b), 28 U.S.C. §1334, and 11 U.S.C. §§ 105 and 542 and/or 543. This is a core proceeding within the meaning of Fed. R. Bankr. P. 7001 and 28 U.S.C. § 157(b)(2)(A)(E)(F)(H)and (0). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Parties**

2. On December 31, 2012 (the "Petition Date"), Robert Todd Ross and Theresa Sheehan Ross (the "Debtors") filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code.

3. Marc H. Baer is the duly appointed Chapter 7 trustee (the "Trustee" or "Plaintiff") and has capacity to bring this action under 11 U.S.C. §323 on behalf of the bankruptcy estate (the "Bankruptcy Estate").

4. The Debtors' Schedule B discloses an interest in the Reuling Family Trust and the Theresa Todd Ross Exemption Trust (together with any other trusts, estates, or corpus in which the Debtors or either of them have or may hold any interest, hereinafter, the "Trusts"), stating,

2

"Debtors are not privy to the trust documents and are not aware of the trust value." The Trusts are defendants in this Adversary Proceeding.

5. Jane Clickner is the Executor of the Trusts, and, upon information and belief, a beneficiary and/or heir of the Trusts. Ms. Glickner, in her capacity as Executor of the Trusts, is a Defendant in this Adversary Proceeding.

## Background

6. On or about September 29, 2014, the Trustee's counsel served a Subpoena on Ms. Clickner in her capacity as Executor of the Trusts, requesting all documents that refer or relate to the governance and formation of the Trusts, all disbursements made from the Trusts, all properties and monies held by the Trusts, and the Debtors' interests in the Trusts.

7. Ms. Clickner produced documents in response to the Subpoena. The Trustee and his counsel reviewed the documents produced, and made attempts to contact Ms. Clickner in order to obtain additional documentation and information, but were unsuccessful.

8. Upon information and belief, the Trusts hold real and personal property, securities, depository accounts, and other tangible and intangible properties for the benefit of certain beneficiaries, including the Debtors (all such properties held by the Trust, and all proceeds thereof, are hereinafter referred to as the "Corpus").

## COUNT ONE: DECLARATORY JUDGMENT

9. Plaintiff re-alleges and incorporates herein all of the allegations set forth in paragraphs 1 through 8 as if set forth in full in this Count One.

10. Upon information and belief, the Trusts are irrevocable, the grantor is Louise B. Reuling, who established the Trusts in March 2000.

11.     All of the Debtors' interests in the Trusts, jointly or individually, whether vested or not vested, contingent, undisputed or disputed, liquidated or unliquidated, known or unknown, is property of the Bankruptcy Estate pursuant to 11 U. S. C. § 541.

12.     Ms. Ross claims exemptions of (i) $1.00 in the Reuling Family Trust, (ii) $1.00 in the Theresa Todd Ross Exemption Trust, and (iii) $180 for a "small disbursement" from the Reuling Family Trust.  Otherwise, the Debtors claim no interest in, or knowledge of the Trusts.

13.     The Trustee requests that this Court enter an Order determining that all of the Debtors' right, title and interests in the Trusts constitute property of the Bankruptcy Estate, and that the Trustee is vested with all of the Debtors' right title and interest in and to the Trusts.

**COUNT TWO:  TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**

14.     Plaintiff re-alleges and incorporates herein all of the allegations set forth in paragraphs 9 through 13 as if set forth in full in this Count Two.

15.     The Debtors' interests in the Trusts constitute property of the Bankruptcy Estate under 11 U. S. C. §541.

16.     The Trustee is entitled to a turnover of property of the Bankruptcy Estate from any entity, including the Debtors, the Trusts, and the Executor of the Trusts, or the amount of such funds, or value of such property.

17.     By this Complaint, the Trustee demands a turnover of all of the Debtors' interests in the Corpus, for the Executor to account for any portion of Corpus previously distributed to the Debtors, and to which the Debtors are or will be entitled to receive under the terms of the Trusts.

WHEREFORE, the Trustee prays for the following relief:

A. An Order declaring that the Debtors' interests in Trusts are property of the estate pursuant to 11 U. S. C. § 541(a);

B. An Order requiring an immediate turnover of any portion of the Corpus remaining in the possession, custody or control of the Debtors;

C. An Order requiring an immediate turnover of any portion of the Corpus remaining in the possession, custody or control of the Trusts, or the Executor of the Trusts; and

D. An Order requiring the Executor to account for all disbursements made to or on behalf of the Debtors from the Trusts;

E. Such other and further relief as this Court deems fair and just.

Dated: December 31, 2014          Respectfully submitted,

*/s/ Joseph J. Bellinger, Esquire*
Joseph J. Bellinger, Esquire
Fed. Bar No. 08394
Offit Kurman, P.A.
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
(410) 209 – 6415
jbellinger@offitkurman.com

*Attorney for Plaintiff, Marc H. Baer,*
*Chapter 7 Trustee*

5